IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 5:23-CV-00467-BO

KENDALL KLETT, )
        Plaintiff, )
         )
         )
v. )
         )    O R D E R
NORTH CAROLINA DEPARTMENT OF )
HEALTH AND HUMAN SERVICES, )
*et al.*, )
        Defendants. )
         )

This cause comes before the Court on plaintiff's unopposed motion to file an amended complaint pursuant to Fed. R. Civ. P. 15. For the following reasons, plaintiff's motion is granted.

This cause also comes before the Court on defendants' motion for leave to file a motion to dismiss. Responses in opposition have been filed, and the deadline for further responses has passed. In this posture, the motion is ripe for ruling. For the reasons that follow, defendants' motion is granted.

## BACKGROUND

On August 24, 2023, Plaintiff Klett filed a complaint against the North Carolina Department of Health and Human Services (hereinafter NC DHHS) and various state employees in their official capacities for alleged violations of 42 U.S.C. § 12101 et. seq. and 42 U.S.C. § 2000ff et. seq. The alleged violations arose out of NC DHHS's COVID-19 vaccination and employment policies.

On November 9, 2023, defendants moved to dismiss the complaint [DE 10] on several grounds. This motion has not yet been ruled on by the Court.

On July 12, 2024, plaintiff moved for leave to file an amended complaint [DE 15] to correct minor technical errors in her filing. On July 18, 2024, plaintiff filed a motion [DE 17] withdrawing her previous motion to amend the complaint as the result of a factual error in the amended filing.

Also on July 18, 2024, plaintiff moved for leave to file an amended complaint [DE 18] to correct the factual error. This motion is not opposed by defendants.

On August 27, 2024, defendants filed a motion for leave to refile their motion to dismiss. [DE 19] This was forty days after the plaintiff's previous motion was filed. Defendants justify the delay by claiming that, because plaintiff's July 18 amended complaint had not been accepted by the court, the 21-day window for responses had not started. Alternatively, they argue that their November 9, 2023, motion to dismiss remains in effect because the plaintiff did not substantially amend her complaint.

Plaintiff opposes the motion for leave to refile, arguing that Fed. R. Civ. P. 6(b)(1)(B) permits a court to extend the time in which to perform an act after the time has expired only if the party failed to act because of excusable neglect. [DE 20] Plaintiff further alleges that defendants' confusion about whether a filing was required does not, standing alone, meet the standard for excusable neglect.

## ANALYSIS

*I. Plaintiff's Motion to Amend the Complaint*

To amend a pleading outside of the time period contemplated by Fed. R. Civ. P. 15(a)(1), Fed. R. Civ. P. 15(a)(2) requires that a party obtain either the opposing party's written consent or leave of the court.

Here, Plaintiff has obtained the opposing party's written consent to amend her complaint. [DE 18-2] The Court therefore grants the plaintiff's motion to amend her complaint.

*II. Defendant's Motion for Leave to File a Motion to Dismiss*

Local Civil Rule 7.1(f) allows 21 days from the date of service for a response to a filed motion. If a party does not request an extension of time before that period expires, Fed. R. Civ. P. 6(b)(1)(B) provides that the court may only allow an extension upon a finding of "excusable neglect."

Whether excusable neglect exists is an equitable determination within the sound discretion of the district court. *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984). There are four factors to be considered, including (1) the danger of prejudice to the non-moving party, (2) the length of the delay and the impact on judicial proceedings, (3) whether the reason for the delay was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The most important factor is the third, and "an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect." *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017). "Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect," though excusable neglect is an "'elastic concept'… not limited strictly to omissions caused by circumstances beyond the control of the movant." *In re MI Windows & Doors, Inc., Prod. Liab. Litig.*, 860 F.3d 218, 226 (4th Cir. 2017) (citing *Pioneer Inv. Services Co.*, 507 U.S. at 392).

Here, allowing the defendants to refile their motion to dismiss does not pose a meaningful risk of prejudice to the other party as the plaintiff has adequate opportunity to contest the motion to dismiss in her filings, no discovery has been conducted, and there is no threat of a

3

default judgment or other penalty. Furthermore, the delay between the expiration of the time to file and the actual filing of the renewed motion to dismiss was 19 days, a period that will have a minimal impact on future judicial proceedings in this litigation. The defendants acted to correct their mistake upon realizing it, and the plaintiff notably does not contest the defendants' claim that they acted in good faith. Therefore, the first, second, and fourth factors weigh in favor of granting leave to refile the motion to dismiss.

Plaintiff contends that the defendants missed the deadline due to "mistake" and "not know[ing] what the Court rules are in this situation." [DE 19-1 at 4, 5] The third factor is indeed the most important, and there are certainly few valid excuses for missing a filing deadline without first requesting an extension. Here, NC DHHS explains the delay as resulting from confusion over when the clock for a responsive pleading began ticking due to the minimal changes to plaintiff's complaint. Errors in construing court rules do not typically meet the bar for excusable neglect. Given that the cause of the delay was also entirely within the defendants' control, the third factor weighs in favor of denying leave to refile.

However, the third factor, while important, is not dispositive. Taken together, the Court finds that NC DHHS's failure to timely file a responsive pleading to the plaintiff's motion to amend the complaint was the result of excusable neglect. The Court therefore grants the defendants' motion for leave to file a renewed motion to dismiss pursuant to Fed. R. Civ. P. 15(a)(2).

## CONCLUSION

For good cause shown, and without opposition from defendants, Plaintiff's motion to amend the complaint [DE 18] is GRANTED. *See* Fed. R. Civ. P. 15(a)(2). The clerk is DIRECTED to file the amended complaint [DE 18-1] as of the date of the entry of this order.

4

Previous motions to amend the complaint [DE 15] and to withdraw the amended complaint [DE 17] are DENIED AS MOOT.

For good cause shown, defendants' motion for leave to file a motion to dismiss the amended complaint [DE 19] is GRANTED. The clerk is DIRECTED to file the defendants' motion to dismiss [DE 19-1] as of the date of the entry of this order. The previous motion to dismiss [DE 10] is DENIED AS MOOT.

SO ORDERED, this _19_ day of September 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE