IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CV-467-BO

KENDALL P. KLETT,

    Plaintiff,

v.

NORTH CAROLINA DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

ORDER

This matter is before the court on Plaintiff's three motions to compel. [DE-59, -63, -66]. Defendant has filed responses in opposition, [DE-61, -65. -68], and the motions are ripe for decision. For the reasons that follow, the motions are denied.

## I.    Background

Plaintiff brought this case against the North Carolina Department of Health and Human Services ("NCDHHS") and several individual employees asserting employment discrimination for alleged violations of the Americans with Disabilities Act ("ADA"),42 U.S.C. §§ 12101, *et. seq.*, and the Genetic Information Nondiscrimination Act ("GINA"), 42 U.S.C. §§ 2000ff *et. seq.*, and for defamation arising from NCDHHS's COVID-19 vaccination and employment policies. The court dismissed the claims against the individual defendants, the ADA discrimination and accommodation claims, the GINA claims, and the defamation claim, and the ADA retaliation claim was permitted to proceed against NCDHHS. Sept. 18, 2025 Order [DE-42]. As the basis for the retaliation claim, Plaintiff alleged that NCDHHS retaliated against her after she told them that the COVID Policy and weekly testing for unvaccinated employees violated the ADA and when she requested the reasonable accommodation of being able to work from home. *Id.* at 8

(citing 2d Am. Compl. ¶¶ 49; 90–102). A plaintiff establishes a prima facie case of retaliation under the ADA where she can show that she engaged in protected activity, that her employer took adverse action against her, and that there is a causal connection between the protected activity and the adverse action. *Id.* (citing *Smith* v. *CSRA*, 12 F.4th 396, 416 (4th Cir. 2021)).

## II.    Standard of Review

Rule 26 provides the general rule regarding the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Prasad v. Nallapati*, 597 F. Supp. 3d 842, 846 (E.D.N.C. 2022) (first quoting *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007); then citing *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978))). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory or to produce or make available for inspection requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). The party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this

2

burden as a matter of law." *Prasad*, 597 F.3d at 846 (quoting *Mainstreet Collection*, 270 F.R.D. at 240). Finally, "the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)).

## III. Discussion

As an initial matter, pursuant to Local Civil Rule 7.1(c)(2) and Fed. R. Civ. P. 37(a)(1), the parties must confer in a good faith attempt to resolve any discovery dispute prior to filing a discovery motion, and this court has repeatedly found that this obligation is not satisfied by an exchange of written correspondence; rather, the parties should at a minimum conduct a telephone conference in an attempt to resolve any dispute prior to filing a motion. This good faith communication requirement is not merely technical but promotes the orderly resolution of discovery disputes. *Lloyd v. New Hanover Reg'l Med. Ctr.*, No. 7:06-CV-130-D, 2009 WL 674394, at *1 (E.D.N.C. Mar. 11, 2009). Plaintiff repeatedly declined defense counsel's request to talk through her perceived deficiencies in Defendant's discovery responses, which is not indicative of good faith. Plaintiff's motions to compel are subject to summary denial on this ground alone, but the court, in its discretion, will address the merits.

### a. First Motion to Compel [DE-59]

Plaintiff served her First Set of twenty-seven (27) Requests for Production ("RFPs") on December 5, 2025, served an additional two (2) RFPs on December 7, 2025, and served one (1) RFP and two (2) Interrogatories ("ROGs") on January 5, 2026, and Defendant served its initial responses on January 6, 2026. [DE-60] at 4. Plaintiff responded to Defendant's objections on

January 8, 2026, and identified perceived deficiencies in certain responses. *Id.* On January 22, 2026, Defendant proposed the following rolling production schedule:

> Personnel and payroll/leave records (RFPs 1-4) are being prioritized and are expected within 15 days of entry of the protective order, subject to retrieval from archives. Additional responsive materials are expected within 30 days of entry of the protective order, subject to Defendant's objections. Email communications will follow within 60 days, subject to Defendant's objections and privilege review. To the extent any documents are withheld on privilege or work-product grounds, a privilege log will be produced within 30 days of the final production.

*Id.*, Ex. B [DE-60-2] at 14. Plaintiff responded that she "look[ed] forward to proceeding promptly with phased production as outlined" and requested that the responses to certain RFPs be prioritized, and Defendant agreed to use best efforts to accommodate the requests subject to its objections and noting that some of the information sought was not relevant to the sole remaining retaliation claim, which Plaintiff disputed. *Id.*, Ex. B [DE-60-2] at 12–13. The parties agreed to a protective order on January 23, 2026, that was entered by the court on February 6, 2026, [DE-58], and Defendant responded to the last RFP and two ROGs on February 4, 2026. [DE-60] at 4. Plaintiff served four (4) more ROGs on February 9, 2026, and Defendant served supplemental responses on February 23, 2026. *Id.* at 5.

Plaintiff filed the first motion to compel on February 27, 2026, seeking the following discovery:

1. Compelling Defendant to provide complete responses to Interrogatories Nos. 1 and 2;

2. Compelling Defendant to produce all responsive documents to Requests for Production Nos. 5, 12, 24, 25, 28, 29, and 30, or state unequivocally that no such documents exist;

3. Requiring Defendant to produce responsive email and electronically stored information on a rolling basis beginning March 6, 2026;

4. Requiring Defendant to honor its promised production date of March 9, 2026 for substantial completion of document production[;]

4

5.  Requiring final completion of all document production by April 3, 2026, including a statement of completion;

6.  Requiring privilege log produced by April 13, 2026.

*Id.* at 12–13. Plaintiff also asked the court to extend the discovery deadline to June 26, 2026, to allow Plaintiff to review Defendant's production and conduct follow-up discovery, and to grant expedited consideration of the motion. *Id.* at 13.

Defendant contends that Plaintiff's motion is both premature and without merit, asserting that it complied with its rolling production schedule, which based on the February 6 entry of the protective order resulted in productions being due on February 23, March 9, and April 7; Defendant produced more than 7,000 pages of documents on March 9, after Plaintiff filed the motion to compel, and another production is forthcoming; and many of Plaintiff's discovery requests were overly broad, unduly burdensome, and request information that is outside the scope of her remaining claim of retaliation. Def.'s Resp. [DE-61] at 5–9.

### i. ROGs 1 & 2

Plaintiff's ROG No. 1 asked Defendant to "[i]dentify all reasons Defendant contends Plaintiff's employment was terminated rather than granting Plaintiff a reasonable accommodation to continue working from home and/or granting Plaintiff's request for an exemption from the COVID-19 Testing Policy's testing requirements based on a prior COVID infection." [DE-61-3] at 3–4. It also included four additional subparts: (1) job duties not performable under the requested accommodation, (2) facts relied upon, (3) individuals involved in the decision making, and (4) dates of decision. *Id.* at 4. Plaintiff contends Defendant did not provide the particulars requested in the subparts, improperly responded with a legal argument regarding the propriety of the request, and improperly referred to Plaintiff's dismissal letter, incorporated by reference. [DE-60] at 7.

5

Defendant both objected to the request and provided a substantive response. [DE-61-3] at 4. Defendant appropriately relied on information in Plaintiff's dismissal letter to answer this interrogatory and specified the document where the information could be found in sufficient detail. *See* Fed. R. Civ. P. 33(d) (allowing a party to answer an interrogatory by referring to a record where the answer may be found). Defendant was also permitted to object to the ROG because it sought some information related to Plaintiff's dismissed ADA accommodation claim. *Id.* 33(b)(4) (providing objections must be stated with specificity). Accordingly, the court finds Defendant's response to be adequate.

Plaintiff's ROG No. 2 asked Defendant to "identify with specificity what Defendant contends rendered Plaintiff 'unavailable for work' as stated" in various correspondence to Plaintiff, and it also included five subparts, including asking Defendant to "define the term 'unavailable for work' as it was applied to Plaintiff" and to identify the source of that definition, the authority for the policy, what satisfied the definition, and all documents relied on in making that determination. [DE-61-3] at 5–6. Defendant responded by referring Plaintiff to specific documents that contained responsive information, as well as identifying sources and authorities as requested. *Id.*; [DE-60-4] at 5–6. Plaintiff again questions Defendant's response incorporating documents by reference and finds the remainder of Defendant's response insufficient. [DE-60] at 8. As explained above, there is nothing improper in Defendant's reference to specific documents where responsive information can be found, and Plaintiff's disagreement with the balance of Defendant's response does not render the response inadequate. Accordingly, the court finds Defendant's response to be sufficient.

### ii.  RFP Nos. 5, 12, 24, 25, 28, 29, and 30

Plaintiff requested a number of documents related to her essential job functions (RFP No. 5), COVID testing policies (RFP Nos. 12, 28), and disciplinary policies (RFP Nos. 24, 25, 29), and Defendant responded that it would produce documents reasonably related and relevant to Plaintiff's remaining claims that were not subject to attorney-client privilege and/or confidentiality requirements and were not publicly available through the DHHS website.  [DE-61-1] at 6, 10, 19–23.  The court agrees with Defendant that some of the information requested by Plaintiff appears relevant to her dismissed discrimination claim rather than her remaining retaliation claim. Furthermore, after Plaintiff filed her motion, Defendant produced supplemental responses to Plaintiff's RFP Nos. 6–30 with  more than 7,000 pages of documents, and Plaintiff declined Defendant's invitation to participate in a call to resolve any issues with that production.  [DE-61] at 4.  Plaintiff indicated Defendant produced its testing policy, discipline guidelines, disciplinary policy, separation policy, and grievance policy, and it is not apparent how the requested  drafting history, internal guidance, training, communications, and application records are relevant to Plaintiff's retaliation claim.  [DE-60] at 10–12; Order [DE-42] (explaining a plaintiff establishes a prima facie case of retaliation under the ADA where she can show that she engaged in protected activity, that her employer took adverse action against her, and that there is a causal connection between the protected activity and the adverse action) (citing *Smith*, 12 F.4th at 416).  Accordingly, the court finds Defendant's response to be adequate.

### iii.  Production Timeline

Plaintiff complains that Defendant's proposal to delay email/ESI production until April 7 was prejudicial.  [DE-60] at 11.  Defendant has since completed its production, so the issue is

7

moot. The requests for expedited consideration and for an extension of the discovery deadline are also denied as moot.

Accordingly, Plaintiff's first motion to compel is denied.

### b. Second Motion to Compel [DE-63]

Plaintiff filed the second motion to compel on April 9, 2026, seeking the following discovery:

1. Compelling Defendant to produce all documents responsive to RFP Nos. 13, 16, 19, and 20 within 14 days and certify whether responsive documents exist;

2. Compelling production of Defendant's second EEOC position statement within 7 days;

3. Compelling Defendant to serve complete, verified supplemental responses to Interrogatories Nos. 3 through 7 within 14 days; and

4. Requiring Defendant to provide a sworn completeness declaration for all Productions.

[DE-64] at 13. Defendant made a supplemental production to RFP Nos. 5–30 on April 7, 2026, which included over 32,000 pages of documents and among them the EEOC position statement that is requested in the second motion to compel. [DE-65] at 4–5. Defendant contends that Plaintiff's motion is both premature and without merit, asserting that many of Plaintiff's discovery requests were overly broad, unduly burdensome, and request information that is outside the scope of her remaining claim of retaliation. *Id.* at 6–13.

### i. RFP Nos. 13, 16, 19, and 20

Plaintiff sought documents regarding whether Defendant's testing policy complied with ADA medical examination provisions (RFP No. 13), comparator information (RFP No. 16), whether weekly testing increased workplace safety (RFP No. 19), and assessment of whether Plaintiff could safely perform her job without testing (RFP No. 20). [DE-64] at 4–5. Defendant

8

indicated that it responded in full and produced documents responsive to RFP Nos. 13 and 16 in its supplemental production on April 7, which it appears Plaintiff had not fully reviewed at the time she filed her motion. [DE-65] at 8; [DE-65-4] at 9–10; [DE-68-6] at 8–9. With respect to RFP No. 19, Defendant referenced a specific Bates range as well as its responses to other document requests, [DE-61-4] at 14–15, and with respect to RFP No. 20, Defendant indicated that any such information would be contained within Plaintiff's HR or personnel records, which were produced, [DE-65-4] at 15–16. Thus, having reviewed Defendant's responses, the court finds them adequate.

### ii. EEOC Position Statement

Plaintiff sought Defendant's second EEOC position statement, and Defendant produced it on April 7 as part of its supplemental production. Therefore, this issue is moot.

### iii. ROG Nos. 3–7

Plaintiff sought information regarding independent bases for her discipline or termination, other than the refusal to submit to COVID testing (ROG No. 3), whether it considered Plaintiff's qualification for an exemption (ROG No. 4), whether Defendant was aware of Plaintiff's objection that COVID testing violated the ADA prior to initiating disciplinary action against her (ROG No. 5), and whether Defendant conducted an individualized assessment of Plaintiff and her job duties prior to enforcing its COVID 19 testing policy against her (ROG Nos. 6 & 7). [DE-63] at 6–12. Defendant contends it provided full responses to Plaintiff's interrogatories, and that her complaints regarding ROG No. 6 relate to claims that have already been dismissed. [DE-65] at 7–8. The court has reviewed Defendant's responses and finds them adequate. Specifically, Defendant's reference to Plaintiff's dismissal letter and disciplinary letters was appropriate in response to ROG Nos. 3 and 4 regarding reasons for Plaintiff's discipline and/or termination and qualification for an exemption, and Defendant provided a narrative answer for each subpart, [DE-65-5] at 4–7;

Defendant expressly responded to ROG Nos. 5, 6, and 7 and each of their subparts, *id.* at 7–13, and Plaintiff's disagreement with the substance of Defendant's responses does not render the responses inadequate.

### iv. Completeness Declaration

Plaintiff contends that Defendant has made multiple productions without stating whether those productions are complete or whether documents have been withheld in violation of certification requirements in Rules 26(g) and 34. [DE-64] at 6. Defendant's counsel did sign the discovery responses as required by Rule 26(g), *see, e.g.*, [DE-65-1] at 23, [DE-65-3] at 7, and although Defendant made objections to many of Plaintiff's document requests, it also provided substantive responses, and has completed its document production. Defendant also indicated that if it withheld any documents on the basis of privilege or work-product it would provide a privilege log. Therefore, the court finds Plaintiff's certification adequate.

Accordingly, Plaintiff's second motion to compel is denied.

### c. Third Motion to Compel [DE-66]

Plaintiff filed the third motion to compel on April 24, 2026, seeking (1) to compel Defendant to provide complete substantive answers to ROG Nos. 8, 9, and 10 without objection because the responses were untimely, or, alternatively, (2) if the court finds objections were timely, to compel a complete answer to ROG No. 8 on the ground that the substantive response contains a sworn statement directly contradicting Defendant's judicial admissions in its answer at paragraphs 45, 50, 56, 93, and 105 and responses to ROGs 9 & 10. [DE-66] at 2–3; [DE-67] at 6–9. Plaintiff also seeks sanctions. [DE-66] at 3; [DE-67] at 9–11.

Defendant's counsel served responses to Plaintiff's third set of interrogatories on April 20, 2026, acknowledged that he may have inadvertently miscalculated the response deadline, and

apologized for the error. [DE-68] at 6. Included in the objections were that the ROGs exceeded the maximum of 25 permitted. *Id.* Defendant asks the court to excuse its delay in service, sustain its objection regarding the number of ROGs served by Plaintiff, find its response to ROG No. 8 compatible with its answer to the complaint, and find Defendant has acted in good faith in responding to Plaintiff's discovery requests. *Id.* at 7–20.

### i. Timeliness

Plaintiff served her third set of ROGs via email on March 18, 2026, so Defendant's response was due 30 days thereafter on Friday, April 17, 2026. Defense counsel miscalculated the 30th day as April 18, which fell on a Saturday and would have made the deadline Monday, April 20, under Fed. R. Civ. P. 6(a)(1)(C), and Defendant served the responses on that day. [DE-68] at 7. Under Rule 33(b)(4), "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." The court in its discretion finds good cause to excuse the short delay in service of Defendant's discovery responses due to counsel's inadvertent miscalculation and declines to find that Defendant waived its objections. *See Westdale Recap Props., Ltd. v. NP/I & G Wakefield Commons, L.L.C.*, No. 5:11-CV-659-D, 2013 WL 5424844, at *4 (E.D.N.C. Sept. 26, 2013) (declining to find waiver of objections for untimely discovery responses where counsel explained that the tardiness in serving the response was not willful but resulted from its counsel's erroneously docketing the deadline).

### ii. ROG No. 8

Plaintiff requests that, if the court finds Defendant's objections were timely, it compel a complete answer to ROG No. 8 on the ground that the substantive response contains a sworn statement directly contradicting Defendant's judicial admissions in its answer at paragraphs 45, 50, 56, 93, and 105. [DE-66] at 2–3; [DE-67] at 6–7. Plaintiff explains that ROG No. 8 asked

11

Defendant to state with specificity the date on which each accommodation request was received, the identity of who received it, the date and identity of who made the denial determination, whether Plaintiff was informed in writing of the denial, and all documents relied upon or generated in connection with the accommodation evaluation. [DE-67] at 6. Defendant responded that

> Defendant is aware of the objections made by Plaintiff in her emails and grievances; however, Plaintiff made these objections within the context of attempting to request a reasonable accommodation under the ADA for which she did not provide any evidence of any qualifying disability recognized under the ADA or provide any medical documentation to support her request. Plaintiff is conflating the ADA reasonable accommodation process with her dismissal for the reasons outlined in her Dismissal letter. Plaintiff presented no information or medical documentation for any qualifying disability or medical condition recognized under the ADA for which a reasonable accommodation may be granted as has been determined and decided through legislation, EEOC guidance, and prior case law. As such, Plaintiff made no reasonable accommodation request for which any request could be denied or an interactive process could be engaged. Further, Plaintiff did not qualify for any exemption from the policy and did not provide any legitimate justification for any exception or exemption from the policy or from its enforcement therewith. The information requested by this interrogatory is contained within Plaintiff's Dismissal letter dated December 3, 2021, and signed by her manager, Grant Turinsky.

[DE-68-10] at 4. Defendant also objected that this ROG exceeded the number allowed, *id.*, an objection it maintains, and it alternatively contends its response is substantively sufficient. [DE-68] at 16. The court agrees with Defendant that its answer is sufficient. Plaintiff's subjective interpretation that Defendant's answer and later discovery responses regarding her accommodation requests are inconsistent, to the extent this subject matter is relevant to Plaintiff's sole remaining retaliation claim, goes to the merits. Therefore, the court declines to compel Defendant to provide a different response.

### iii. ROG Nos. 9 & 10

Plaintiff in ROG No. 9 sought further information about Defendant's responses to ROG Nos. 6 and 7 regarding a "risk assessment" Plaintiff states she never received notice of. [DE-68-10] at 4–5. In ROG No. 10, Plaintiff seeks further information regarding the "unavailable for

12

work" status applied to her. *Id.* at 5–6. Defendant provided no substantive response to these ROGs and objected to them on multiple grounds, including that they exceeded the permissible number. *Id.* at 4–7. Assuming, without deciding, that ROG Nos. 9 & 10 did not exceed the permissible number, the court sustains Defendant's alternative objection on the grounds that they are duplicative of other requests. In answering ROG No. 6 and 7, Defendant described the risk assessment to which it referred and identified related documents. [DE-68-5] at 9–12. In response to ROG No. 2, Defendant provided information regarding the "unavailable for work" status, sources, and references to documents relied upon, which were provided to Plaintiff in response to RFPs. [DE-68-3] at 4–7. Therefore, the court declines to compel Defendant to provide further responses regarding these topics.

Accordingly, the third motion to compel is denied.

## IV. Conclusion

For the reasons stated herein, Plaintiff's motions to compel, [DE-59, -63, -66], are denied.

SO ORDERED, the 25th day of June, 2026.

Robert B. Jones, Jr.
United States Magistrate Judge

13